**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID A. PHILIP,<br><br>              Plaintiff - Appellant,<br><br>     v.<br><br>BAC HOME LOANS SERVICING, LP; et al.,<br><br>              Defendants - Appellees. | No. 12-16155<br><br>D.C. No. 2:11-cv-01499-JCM-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

David A. Philip appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims related to the ongoing foreclosure

of his property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Philip's wrongful foreclosure and quiet title claims because Philip did not allege facts sufficient to show that he was not in default on his loan or that defendants exercised the power of sale. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) (per curiam) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires allegations that a lender exercised the power of sale and foreclosed upon property when no failure of performance existed on the part of the borrower).

The district court properly dismissed Philip's slander of title claim because Philips failed to allege sufficient facts to show a false statement regarding the title to his property. *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (1998) ("Slander of title involves false and malicious communications disparaging to one's title in land, and causing special damage." (internal quotation marks omitted)).

The district court properly dismissed Philip's civil conspiracy claim after

dismissing the underlying causes of action. *See, e.g.*, *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 (Nev. 1980) (conspiracy action for damages generally must be based on a viable, independent cause of action).

Philip lacks standing to enforce the terms of any pooling and service agreement and therefore cannot challenge any assignment into a securitized trust. *See Wood v. Germann*, 331 P.3d 859, 861-62 (Nev. 2014) (per curiam) ("[A]ppellant, who is neither a party nor an intended third-party beneficiary of the [pooling and servicing agreement], lacked standing to challenge the assignment's validity."). We reject Philip's contention that the securitization of his loan rendered his note or deed of trust fraudulent.

Philip's contentions that defendants lack standing to pursue foreclosure, and that the assignment transferring the interest in the promissory note and deed of trust are invalid, in part because of the use of Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the deed of trust and lender's nominee, are foreclosed by *Edelstein v. Bank of New York. Mellon*, 286 P.3d 249 (Nev. 2012) (en banc). *See id.* at 259-60, 262 (MERS may properly act as beneficiary of a trust deed, separating the instruments does not permanently bar foreclosure, and an entity has authority to pursue foreclosure when it is entitled to enforce both the deed of trust and the note).

We reject Philip's contentions that he was improperly denied discovery, that the district court was biased, and that the district court made improper findings of fact.

**AFFIRMED**.